# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ANTHONY OSHINSKI, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cr-00284-GMN-DJA <br><br> **ORDER** |

Pending before the Court is Defendant Anthony Oshinksi's ("Defendant's") Motion for Compassionate Release, (ECF No. 141). The Government filed a Response, (ECF No. 144). Defendant has not yet filed a Reply.

For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Compassionate Release.

## I. BACKGROUND

On February 2, 2015, Defendant pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) and 924(a)(2). (Mins. Proceedings, ECF No. 18); (J., (Indictment, ECF No. 1). The Court sentenced Defendant to 30 months' imprisonment, to be followed by 3 years' supervised release with special conditions, which commenced on January 12, 2018. (*See* Mins. Proceedings, ECF No. 26); (J., ECF No. 27); (Petition for Warrant, ECF No. 28). On February 10, 2021, Defendant's term of supervision was revoked and the Court sentenced him to 13 months' imprisonment, with no supervision to follow. (J. on Revocation, ECF No. 121). Defendant is presently in custody at Victorville Medium II Federal Correctional Institution ("Victorville II")). (*See* Mot. Compassionate Release ("MCR") 18:14–16, ECF No. 141).

On March 31, 2021, Defendant was assaulted in an unprovoked attack by another inmate, resulting in multiple fractures to his jaw. (Medical Records at 82, 89, 92, 95, Ex. A to MCR, ECF No. 142); (MCR 9:14–10:15). After being treated at the hospital, doctors recommended Defendant for surgery "ASAP" and prescribed him a liquid diet consisting of "nutridrink" because he was unable to fully open his mouth. (Medical Records at 12, 84, Ex. A to MCR). Defendant reported "I have never felt so much pain in my life as how my face feels now." (*Id.* at 11). On April 6, 2021, Defendant received surgery for his injuries, but his jaw will require additional treatment and possibly another surgical procedure. (*Id* at 13); (MCR 13:12–15). As of the filing of this Motion, Defendant reports that his jaw remains in considerable pain and he is still unable to eat. (MCR 13:16–14:2). Further, Defendant claims that he receives nutridrink only sporadically and otherwise subsists on a diet of Kool-Aid, coffee, and pudding, which has resulted in significant weight loss. (*Id.*). Defendant now petitions this Court for compassionate release based on his medical condition.

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a term of imprisonment in limited circumstances, upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; and (2) "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must also consider whether a reduction in sentence is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* While there is currently no applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant, "the Sentencing Commission's statements in U.S.S.G § 1B1.13," which apply to § 3582(c)(1)(A) motions filed

by the Bureau of Prisons ("BOP"), "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. April 8, 2021). Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, age, terminal illnesses, and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Further, prior to reducing a sentence, U.S.S.G. § 1B1.13 directs courts to determine whether the defendant is a danger to the safety of any other person in the community. *Id.* The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.* The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

### III.  DISCUSSION

As an initial matter, the parties do not dispute that Defendant properly exhausted his administrative remedies. Therefore, the Court's discussion will be limited to an analysis of whether Defendant has presented extraordinary and compelling reasons for release, as well as an assessment of the § 3553(a) factors.

Defendant argues that his broken jaw is a debilitating injury constituting an extraordinary and compelling reason for compassionate release. (MCR 9:1–3). The Court agrees. As noted above, "extraordinary and compelling reasons" for compassionate release include medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* U.S.S.G. § 1B1.13. In the present case, Defendant's medical condition has rendered him unable to eat, which undoubtedly diminishes his ability to care for himself within a correctional setting. This is especially true if Victorville II is incapable of

consistently providing him with the prescribed liquid nutrition. Moreover, because Defendant's treatment is progressing so slowly, the Court is persuaded that Defendant is unlikely to recover from his debilitating jaw injury prior to his release on September 22, 2021.[1] Accordingly, Defendant has demonstrated extraordinary and compelling reasons for release. *See also United States v. Perez*, 451 F. Supp. 3d 288, 293 (S.D.N.Y. Apr. 1, 2020) (finding that an inmate with a broken jaw and limited time remaining on his sentence established extraordinary and compelling reasons for release).

Further, the factors found in 18 U.S.C. § 3553(a) weigh in favor of Defendant's release. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

In the present case, Defendant is serving a term of imprisonment for Grade C violations of his supervised release conditions. The need for Defendant to continue serving the sentence imposed is minimal: there is currently no vocational programming available at his correctional institution, he does not present a danger to the community, and the extreme hardship he has experienced while incarcerated is enough of a deterrent from future criminal activity.[2] Additionally, Defendant's medical needs are not being met at Victorville II, and being released

---

[1] Defendant is currently scheduled to be released to a halfway house on September 22, 2021. (MCR 20:15–16, ECF No, 141).

[2] When evaluating the need for the sentence imposed, courts consider the sentence's deterrent effect, protection of the public, and the effectively providing educational training and medical care. *See* 18 U.S.C. § 3553(a)(2).

1 would give him the opportunity to seek out more effective treatment on his own.  Finally,

2 Defendant has a strong family support system that can provide stable housing and

3 transportation for needed medical care. (MCR 17:15–18:2).  As such, the § 3553(a) factors

4 weigh in favor of release.

5 //

6 //

7 //

8 //

9 //

10 //

11 //

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 141), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's previously imposed sentence of 13 months' imprisonment is reduced to **TIME SERVED with no supervision to follow**.

**IT IS FURTHER ORDERED** that this order is **STAYED for up to fourteen days**, for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause as to why the stay should be extended.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Exhibit Under Seal, (ECF No. 142), is **GRANTED**.[3]

**DATED** this __17__ day of June, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] The Exhibit contains Defendant's confidential medical records. Accordingly, the Court finds good cause to seal the record. *See, e.g., Johnson v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding the plaintiff's "privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves").